**°TODD et al. v. TODD et al.**

(Supreme Court, Appellate Division, Second Department. February 11, 1898.)

REFEREE'S SALE—PURCHASER—PAYMENT OF BID.

Where, in an amicable action to determine respective rights of all persons interested in an estate, an interlocutory judgment was entered adjudging the rights of such persons, and directing a sale for cash by a referee, and the distribution of the proceeds to said parties, and the premises were bid in at a certain sum for all the parties interested, the referee will be required, on payment of the costs and expenses, and delivery to him of receipts for the sum for which the premises were sold, to execute a deed to said parties.

Appeal from special term.

Action by Laura Louise Todd, individually and as administratrix, etc., and others, against Clarence F. Todd and others. A judgment was rendered, under which Smith Lent was appointed referee to sell the property in suit. On application of Marie Louise Todd and others, the referee was directed to file his report of sale, and he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Smith Lent, for appellant.
W. E. Kisselburgh, Jr., for respondents.

GOODRICH, P. J. The record on appeal is somewhat meager, but the following facts may be gathered therefrom: The parties to the action were all the persons interested in the estate of Mary A. Masterton and Caroline Masterton, both deceased, and they made an agreement to have the present amicable action commenced for the purpose of determining their respective rights. The action was referred, report made, and interlocutory judgment entered, which, among other things, adjudged legacies of $1,000 each due Marie L. Todd, Roberta Todd, Emma R. Todd, and Clarence F. Todd, and $2,000 due Laura L. Todd, the mother of the first four-named persons, specific charges on certain premises on Dixon street, Tarrytown, directed the sale of such property, and payment of the costs and disbursements of the plaintiffs' attorney and the guardian of the infant defendants, all to be taxed, and that the referee should deduct his own commissions, fees, and expenses of sale, and, after giving the deeds, distribute the proceeds as directed by the final judgment to be entered in the action. The judgment contains a clause "that said sale be made for cash, and that any of the parties hereto may purchase at said sale." The premises were put up for sale under terms of sale which required the payment of 10 per cent. of the purchase money at the time of the sale, and the residue at the time of the delivery of the deed, all the taxes and incumbrances to be allowed by the referee out of the purchase money upon production of proof of payment thereof. At the sale, S. C. Pratt purchased the property, for $4,100, but did not pay the 10 per cent. His reasons therefor, as stated in the moving affidavits, are that he was the hus-

band of Roberta Pratt (whom I assume to have been formerly Roberta Todd), and that he made the bid as the agent of Marie Todd, Emma Todd, Clarence Todd, and Roberta Pratt; that these parties desired to pay and offset the purchase price of the property with the aggregate amount of their legacies; that the four children intended that the mother, Mrs. Laura L. Todd, should share in part with them the property in question. There was also annexed to the moving papers a letter addressed to the plaintiffs' attorney, and signed by Laura L. Todd, Marie, Roberta, and Emma Todd, comprising all the plaintiffs, requesting that the purchase price of the land should be offset against the legacies. Thus it appears that all the persons interested in the premises joined in the application to the special term. The referee, in accordance with the judgment, as he was justified in doing, required the payment of the 10 per cent., and refused to execute a deed or make a report of sale until the purchase price was paid in cash. The four children, through their counsel, obtained from one of the justices an order directing the referee to show cause why the sale alleged to have been made to them should not be consummated by the execution of a deed and a report of sale made therein. At the hearing at special term, the referee appeared to oppose the motion; and an order was made directing him to file his report of sale to said four parties, on the payment to him of $410, which sum he was directed to apply towards the expenses of sale and costs when taxed, and that the four parties should deliver to him their receipts for such portions of their respective legacies as the purchase price less the sum of $410 might equal, and that the referee should receive such receipts as cash. From this order, the appeal is taken by the referee.

The judgment shows that the parties making the application are the only persons interested in the premises in question, and that the aggregate amount of the legacies exceeds the amount of the bid; but I find no evidence of the amount of the costs and the expenses of the sale, and it is therefore not clear that the $410 will be sufficient to pay these amounts. Assuming that it is sufficient, there seems to be no good reason why the only persons interested should be compelled to go through the idle ceremony of paying to the referee a sum of money in cash, which, from their condition of life as shown by the moving papers, they will have great difficulty in doing, and perhaps may not be able to do at all. They are the only persons interested in the matter. The object for which the suit was instituted has been accomplished, and the property has been purchased for their common account. It is true that the judgment requires in form that the payment be made in cash, and it might be better practice to amend the judgment in accordance with the relief granted by the order of the special term; but it would seem that the same purpose was attained by the order that the receipt of the parties be deemed equivalent to cash payments. At any rate, the order of the court is the protection of the referee. The order is so far modified as to require the taxation of the costs and expenses referred to in the judgment, and that, upon the payment thereof to the referee and the delivery to him of the receipts specified in the order appealed from, he execute

the deed to said four children, and make his report of sale accordingly.

The order appealed from is affirmed, without costs to either party. All concur.